Smith, J.
The simple question in this case, as we understand, is this: Whether, when the city has taken, by condemnation proceeding, a strip of ground on one ór both sides of an existing street for the purpose of widening the same, and such is ac *267 cordingly widened for a certain distance, only, and also, is extended for a certain' distance, the council has- the right, by .ordinance only, to assess the costs and expenses thereof on all of the lots and lands on said street by the front foot — that is* ■not only on those aboundng and abutting on the part im-. proved, but on those remote therefrom — where the council by the assessing ordinance has declared that all of the lots and lands abutting on the whole street will be specially benefited by such appropriation. ■
If it be conceded that the legislature has the right to confer such a power upon council, we think, that by the laws in force, it has not done so. Section 2264, Rev. Stat., under which the right to do so is claimed, does not warrant it. Section 2263 provides substantially that when a corporation appropriates or otherwise acquires lots or lands for the purpose of laying off, opening, extending or widening a street, the council may assess the costs and expenses of such appropriation or acquisition, or any part of either, upon the general tax list; and section 2264 provides, that in the cases provided for in section 2263, and in all cases where an improvement of any kind is made in an existing street, “the council may decline to assess the costs and expenses thereof, or of any part thereof, on the general tax list, in which event such costs and expenses, or any part thereof which shall not be so assessed on the general tax list, shall be assessed by the council on .the abutting and such adjacent and contiguous or other benefited lots and lands in the corporation, either in .proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the foot front of the property bounding and abutting upon the improvement, as the council, by ordinance setting forth, specifically, the lots and lands to be assessed, may determine before the improvement is made, and in the manner and subject to the restrictions herein contained.”
"We think it is apparent, that by this last section, power.is given to the council to determine as to which of three differ *268 ent ways the costs and expenses of such improvements shall be assessed. It may be done:
Goppock & Gallagher, for plaintiff.
■ Horstman, Galvin, Whittaker and O’Connell, City Solicitors, contra.
1. On the abutting and such adjacent and contiguous or other benefited lots and lands in the corporation, in proportion to the benefit to such lots or lands so designated by the council, which .may result from the improvement; or,
2. According to the value of the property so designated; or,
3. By the foot front of the property bounding and abutting upon the improvement.
If the council determines, by the ordinance, that the assessment is to be made by .the front foot on the abutting property, we think it must be limited to those lots and lands abutting on the improvement, and can not be placed on those on a. part of the street, in front of which no part of the improvement is made. But, if the council determines by the ordinance, that the cost of such improvement is to be assessed, not only on such lots and lands as abut on the improvement, but on such adjacent or contiguous or other property designated therein as benefited in proportion to the benefits which may result thereto from such improvement, then we are of the opinion that the amount of the assessment, therein, can not be fixed by the council by the foot front, but must be fixed and determined in the first instance by the board of freeholders appointed under the provisions of section 2277, which must be read in connection with section 2264. This was not done in this case, and we think that it is contrary to the provisions of the statute, and the policy of the state, to give such an unlimited power to the council, and that, in a case like this, it would operate most unjustly, and that the decision of Judge Saylek, in this case, reported in 28 W. L. B. 139, was right, and that the assessment on the property of the plaintiff, not abutting on the improvement, was invalid, and that its collection should be restrained.